1  John D. Cline (State Bar No. 237759)
   cline@johndclinelaw.com
2  LAW OFFICE OF JOHN D. CLINE
   600 Stewart Street, Suite 400
3  Seattle, WA 98101
   Telephone: (360) 320-6435
4

5  Patrick W. Blegen (pro hac vice)
   pblegen@blegengarvey.com
6  BLEGEN & GARVEY
   53 West Jackson Blvd., Suite 1424
7  Chicago, IL 60604
   Telephone: (312) 957-0100
8  Facsimile: (312) 957-0111

9  Attorneys for Petitioner
   TAHAWWUR RANA
10

11                   UNITED STATES DISTRICT COURT

12                  CENTRAL DISTRICT OF CALIFORNIA

13

14  TAHAWWUR RANA,                    Case No. 2:23-cv-04223

15          Petitioner,
                                      **PETITIONER'S EX PARTE
16     v.                             APPLICATION FOR STAY OF
                                      EXTRADITION PENDING
17  W.Z. JENKINS II, WARDEN,          APPEAL; MEMORANDUM IN
    METROPOLITAN DETENTION            SUPPORT; DECLARATION IN
18  CENTER,                           SUPPORT**

19          Respondent.               **HON. DALE S. FISCHER**

20

21

22

23

24

25

26

27

28

**PETITIONER'S EX PARTE APPLICATION**

Petitioner Tahawwur Rana, through undersigned counsel, submits this ex parte application under Local Rule 7-19 for a stay of extradition pending his appeal to the United States Court of Appeals for the Ninth Circuit from the Court's order denying his petition for a writ of habeas corpus. As set forth in the attached declaration of counsel, petitioner has proceeded ex parte, after consultation with counsel for respondent (Assistant United States Attorney John J. Lulejian), because of the possibility that the State Department would extradite petitioner (and thus moot his appeal) before the Court could decide a regularly noticed motion for stay. The parties jointly propose that respondent have 72 hours from the filing of this application in which to file his opposition and that petitioner have 24 hours from the filing of the opposition in which to file his reply.

As set forth in the accompanying memorandum, petitioner submits that a stay of extradition pending appeal is appropriate because he has made a strong showing that he is likely to succeed on the merits of his non bis in idem claim; he will suffer irreparable harm if he is extradited, potentially including the death penalty; a stay pending appeal will not substantially injure the government; and the public interest favors a full review of Rana's non bis claim before he is sent to a country that seeks to execute him. *See Manrique v. Kolc*, 64 F.4th 1106, 1108 (9th Cir. 2023) (factors for court to weigh in deciding whether to grant stay of extradition).

| | |
|---|---|
| Dated: August 14, 2023 | Respectfully submitted, |
| | /s/<br>John D. Cline |
| | /s/<br>Patrick W. Blegen |
| | Attorneys for Petitioner<br>TAHAWWUR RANA |

## MEMORANDUM IN SUPPORT

This Court denied Rana's petition for writ of habeas corpus on August 10, 2023. Rana filed his notice of appeal that same day. He now seeks a stay of extradition to permit his non bis in idem argument to be heard by the court of appeals.

The Ninth Circuit has identified four factors for a court to weigh in determining whether to grant a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Manrique*, 64 F.4th at 1108 (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

Here, as in *Manrique*, "[i]rreparable injury is obvious." *Id*. Once extradition occurs, Rana's appeal will be moot, and the court of appeals will never have a chance to consider his non bis in idem claim. Moreover, if Rana is extradited, he faces a high risk of torture and even death, given India's history of extrajudicial violence, especially directed against Muslims. *See* Exhibit A (2022 State Department Human Rights Report on India); Exhibit B (2022 State Department Religious Freedom Report on India). And if he survives until trial, he faces the possibility that he will be found guilty and executed. It is doubtful that Rana can even find a lawyer willing to represent him in India. *See* Doc. 17 at 10; Human Rights Watch, *The "Anti-Nationals": Arbitrary Detention and Torture of Terrorism Suspects in India*, Feb. 1, 2011 (describing threats against lawyers representing Muslims accused of terrorism), available at https://www.hrw.org/report/2011/02/01/anti-nationals/arbitrary-detention-and-torture-terrorism-suspects-india.

The irreparable injury and likelihood of success elements work as "a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Manrique*, 64 F.4th at 1108 (quotation omitted). When, as here, the degree of irreparable harm is high, the movant "must show serious legal questions going to the merits. These are questions that cannot be resolved one way or the other

PETITIONER'S EX PARTE
APPLICATION FOR STAY OF
EXTRADITION

at the hearing on the injunction because they require more deliberative investigation." *Id*. at 1109 (quotations and citations omitted).  The movant "need not demonstrate that it is more likely than not that [he] will win on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam).  Instead, "to justify a stay, a [movant] must show, at a minimum, that she has a substantial case for relief on the merits." *Id*. at 968; *see, e.g., Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (en banc) ("serious questions" warranting preliminary injunctive relief "need not promise a certainty of success, nor even present a probability of success, but must involve a fair chance of success on the merits" (quotation omitted)).

Rana's non bis in idem claim satisfies this standard.  The Second and Fourth Circuits have reached opposite conclusions on whether the term "offense" in the non bis provision of an extradition treaty refers to the underlying conduct or to the elements of the charged offenses. *Compare Sindona v. Grant*, 619 F.2d 167 (2d Cir. 1980) (conduct), *with Gon v. Holt*, 774 F.3d 207 (4th Cir. 2014) (elements).[1]  The Ninth Circuit has not yet addressed the question.  Rana has made a strong showing, based on the text of the United States-India extradition treaty and the interpretation the government gave that Treaty in the plea agreement of his alleged co-conspirator, David Headley, that the word "offense" in the non bis provision--Article 6(1)--refers to conduct rather than elements.  Doc. 1 at 4-15; Doc. 17 at 2-9.  It is undisputed that if "offense" refers to conduct, the Treaty bars Rana's extradition.

Rana's appeal is particularly worthy of being heard because, to our knowledge, this case marks the first time in this country's history that a person tried and acquitted in a United States court will be surrendered to another country to face a second trial for the same conduct on which an American jury acquitted him.

---

[1] As Rana has shown, the reasoning of *Gon* supports his contention that the United States-India Treaty uses "offense" to refer to conduct.  Doc. 1 at 10; Doc. 17 at 6-7.

- 2 –

PETITIONER'S EX PARTE
APPLICATION FOR STAY OF
EXTRADITION

1    The remaining factors--whether a stay would substantially injure the opposing party and the public interest--"'merge when the Government is the opposing party.'" *Manrique*, 64 F.4th at 1112 (quoting *Nken*, 556 U.S. at 435).  A stay will not "substantially injure" the government.  No doubt the government wants to comply with its treaty obligations, but those obligations are unclear in light of the dispute over the proper interpretation of the non bis provision.  The government's interest in extraditing a person who falls within the terms of the Treaty is surely no greater than its interest--and the public's interest--in declining to extradite someone whom the Treaty protects.  In addition, more than three years have passed since extradition proceedings began against Rana.  It is inconceivable that a delay of a few more months while the Ninth Circuit considers the important non bis question will harm the government's relations with India.

For these reasons, the Court should stay Rana's extradition while the Ninth Circuit considers his appeal.

Dated:  August 14, 2023           Respectfully submitted,

/s/
John D. Cline

/s/
Patrick W. Blegen

Attorneys for Petitioner
TAHAWWUR RANA

# DECLARATION OF JOHN D. CLINE

1. My name is John D. Cline. I am co-counsel for petitioner Tahawwur Rana in this matter. I submit this declaration in support of Rana's ex parte application for a stay of extradition pending appeal. I am over the age of eighteen and competent to make the declaration.

2. The Court denied Rana's petition for a writ of habeas corpus on August 10, 2023. Docs. 18, 19. Rana filed his notice of appeal to the United States Court of Appeals for the Ninth Circuit that same day. Doc. 20.

3. On August 14, 2023, I conferred by telephone with Assistant United States Attorney John J. Lulejian, counsel for respondent. AUSA Lulejian informed me that he cannot provide assurances that the State Department will not extradite Rana to India before a regularly noticed motion for stay could be heard.

4. In light of the uncertainty concerning when Rana will be extradited, AUSA Lulejian and I agreed that the most appropriate way to proceed was through an ex parte application. We further agreed to propose to the Court that respondent's opposition to the ex parte application will be due 72 hours after the application is filed, and petitioner's reply will be due 24 hours after respondent files his opposition.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of August 2023.

/s/ John D. Cline
John D. Cline