# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHAWWUR RANA,<br>　　　Plaintiff,<br><br>　　　　　v.<br><br>W.Z. JENKINS II, Warden,<br>　　　Defendant. | CV 23-4223 DSF<br><br>Order GRANTING Ex Parte Application for Stay Pending Appeal (Dkt. 21) |

　　　Plaintiff Tahawwur Rana has moved for a stay of extradition pending appeal of this Court's denial of his habeas petition challenging his extradition order.

　　　When deciding a motion for a stay pending appeal, a court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 434 (2009).  The Ninth Circuit applies a "sliding scale" where "the required degree of irreparable harm increases as the probability of success decreases." Manrique v. Kolc, 65 F.4th 1037, 1041 (9th Cir. 2023). "Even with a high degree of irreparable injury, the movant must show 'serious legal questions' going to the merits." Id.

　　　Rana has shown that he is likely to suffer significant irreparable harm absent a stay.  He will be extradited to India for a trial on serious crimes with no hope for review of his arguments or hope for his return to the United States.  The government admits this, but then argues

that because "this claimed irreparable harm applies categorically to any fugitive who seeks a stay of extradition pending appeal," it does not count.  See Opp'n at 5.  In support of this proposition, the government cites Nken and Manrique, as well as a Seventh Circuit case, Venckiene v. United States, 929 F.3d 843, 864 (7th Cir. 2019).[1]  These cases do not support the government's extreme position.   But there is no need to explore the issue in depth because binding precedent answers the question in Rana's favor: "Irreparable injury is obvious: Once extradited, [the extradited appellant's] appeal will be moot."  Manrique, 65 F.4th at 1041.

While the Court does not find that Rana "has made a strong showing that he is likely to succeed on the merits" – otherwise the Court would have ruled in his favor in the first instance – he has certainly raised serious legal questions going to the merits.  The proper meaning of "offense" in Article 6(1) the extradition treaty is not clear and different jurists could come to different conclusions.  Rana's position is certainly colorable and could very well be found to be correct on appeal.

The final two factors "merge when the Government is the opposing party."  Nken, 556 U.S. at 435.  There is value to compliance with India's extradition request, but Rana's extradition proceedings have been going on for more than three years, which suggests that the process has not been rushed so far.  Otherwise, the public interest, if anything, favors Rana.  The public has a strong interest in the proper interpretation of extradition treaties, particularly in the interpretation of provisions that provide important individual protections like the one at issue here.  Further, there is a strong public interest in definitive, binding interpretations of treaties.  District courts cannot provide those rulings; courts of appeals can.

---

[1] Venckiene comes the closest, but it neither directly states the categorical holding that the government supports, nor does the opinion provide much reasoning in its terse discussion of irreparable harm.

The Court finds that the balance of the stay factors favors a stay pending appeal. The ex parte application is GRANTED. The extradition of Rana to India is stayed pending the conclusion of his appeal before the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Date: August 18, 2023

*Dale S. Fischer*

Dale S. Fischer
United States District Judge